IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DORMA GIPSON, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 3:21-cv-00186 |
| § | | |
| THE KROGERS CO. AKA § | | |
| KROGER TEXAS L.P. § | | |
|    Defendant § | | JURY DEMANDED |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Kroger Texas L.P. (erroneously named "The Krogers Co. aka Kroger Texas, L.P."), Defendant in the cause styled "*Dorma Gipson v. The Krogers Co. aka Kroger Texas L.P.*" originally pending as Cause No. DC-20-19299 in the 134th Judicial District Court of Dallas County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.**
**BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332 (2012).

- 1 -

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

At all relevant times, Kroger Texas L.P. owned, occupied, possessed, operated, managed, and controlled the premises at issue. Kroger Texas L.P., at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio. Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about January 5, 2019, as she entered the Kroger store, the sliding entrance door malfunctioned and slammed into her body, causing her injury. Plaintiff filed her First Amended Original Petition on January 5, 2021, in the 134th Judicial District Court of Dallas County, Texas, alleging premise liability and negligence causes of action against Defendant. (Plaintiff filed her Original Petition on December 31, 2020 but did not serve Plaintiff until after she had amended her petition.)

## IV.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her First Amended Original Petition that she seeks actual damages exceeding $75,000. Specifically, Plaintiff seeks recovery for past and future medical

expenses and past and future physical pain; she seeks "[a]ctual damages against Defendant for $500,000," along with interest and court costs.[2] The amount in controversy thus exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[3]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[4] Defendant first became aware this case was removable on or about January 12, 2021, when Defendant was served with "First Amended Plaintiff's Original Petition." Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendant of the document that first demonstrated the case was removable. Moreover, less than one year has passed since the commencement of the action in state court on December 31, 2020.[5]

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

---

[2]  "First Amended Plaintiff's Original Petition" (Exhibit 3) at p. 4 (¶ 13 and ¶15.a).

[3]  *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

[4]  28 U.S.C. § 1446(b).

[5]  *See id.*

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the 134th Judicial District Court of Dallas County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1) State court docket sheet (as of January 28, 2021);

(2) Plaintiff's Original Petition (filed December 31, 2021);

(3) First Amended Plaintiff's Original Petition (filed January 5, 2021) with Service of Citation; and

(4) Defendant's Original Answer (filed January 28, 2021).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet
- Supplemental Civil Cover Sheet
- Certificate of Interested Persons

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

*/s/ Jack Ormond*

**B. Kyle Briscoe**
Attorney-in-charge
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Jack Ormond**
State Bar No. 24037217
jormond@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that this document was served on counsel of record in accordance with the Federal Rules of Civil Procedure using the Court's ECF system and/or via e-service (of Defendant's state-court notice) on January 28, 2021.

*/s/ Jack Ormond*
Jack Ormond