# EXHIBIT 1

Exhibit 1

## Case Information

DC-20-19299 | DORMA GIPSON vs. THE KROGERS CO.

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| DC-20-19299 | 134th District Court | TILLERY, DALE |
| File Date | Case Type | Case Status |
| 12/31/2020 | PROPERTY | OPEN |

## Party

PLAINTIFF
GIPSON, DORMA

Address
9730 Shepherd Road Apt 449
Dallas TX 75243

Active Attorneys ▾
Lead Attorney
CATO-MILLER, ANNETTE
Retained

DEFENDANT
THE KROGERS CO.

  Aliases
  *AKA* KROGER TEXAS LP
Address
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE
COMPANY
DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E 7TH ST STE 620
AUSTIN TX 78701-3218

## Events and Hearings

12/31/2020 NEW CASE FILED (OCA) - CIVIL

12/31/2020 ORIGINAL PETITION ▾

ORIGINAL PETITION

12/31/2020 ISSUE CITATION ▾

ISSUE CITATION - THE KROGER CO. AKA KROGER TEXAS L.P.

ISSUE CITATION - THE KROGER CO. AKA KROGER TEXAS L.P.

    Comment
    FIRST AMENDED PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

01/05/2021 AMENDED PETITION ▾

FIRST AMENDED PETITION

    Comment
    FIRST AMENDED

01/06/2021 NOTICE OF DISMISSAL FOR WANT OF PROSECUTION ▾

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

01/07/2021 CITATION▾

**Unserved**

Anticipated Server
ESERVE

Anticipated Method
Comment
THE KROGER CO. AKA KROGER TEXAS L.P.

01/20/2021 CITATION▾

**Unserved**

Anticipated Server
ESERVE

Anticipated Method
Comment
THE KROGER CO. AKA KROGER TEXAS L.P.

01/28/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - THE KROGERS CO. AKA KROGER TEXAS L.P.

03/12/2021 DISMISSAL FOR WANT OF PROSECUTION ▾

134thDWOP-Rule 165A Letter

Judicial Officer
TILLERY, DALE

Hearing Time
10:00 AM

## Financial

GIPSON, DORMA

| | |
|---|---:|
| Total Financial Assessment | $300.00 |
| Total Payments and Credits | $300.00 |

| Date | Description | Receipt | Name | Amount |
|---|---|---|---|---:|
| 12/31/2020 | Transaction Assessment | | | $300.00 |
| 12/31/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 81426-2020-DCLK | GIPSON, DORMA | ($300.00) |

## Documents

ORIGINAL PETITION

FIRST AMENDED PETITION

134thDWOP-Rule 165A Letter

ISSUE CITATION - THE KROGER CO. AKA KROGER TEXAS L.P.

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

ISSUE CITATION - THE KROGER CO. AKA KROGER TEXAS L.P.

ORIGINAL ANSWER - THE KROGERS CO. AKA KROGER TEXAS L.P.

# EXHIBIT 2

**Exhibit 2**

FILED
12/31/2020 11:49 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

Cause No. _____
DC-20-19299

| | | |
|---|---|---|
| DORMA GIPSON | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE KROGERS CO. AKA | | |
| KROGER TEXAS L.P. | § | |
| Defendant | § | G-134   JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Comes now DORMA GIPSON, hereinafter referred to as "Plaintiff," and makes and files this Original Petition and Request for Disclosure, complaining of and about, THE KROGER CO. AKA KROGER TEXAS L.P. hereinafter referred to as "Defendant or Kroger," and for cause of action shows unto the Court the following:

### I.

1.      Pursuant to Rule 190.3, Tex. R. Civ. P., discovery shall be conducted under Level

2.  The parties expect to submit an agreed docket control order for the orderly disposition of this litigation.

### II.

3.      Plaintiff is a resident of Dallas County, Texas.

4.      Defendant THE KROGER CO. AKA KROGER TEXAS L.P., is a foreign for-profit corporation doing business in the State of Texas including Dallas County. Service of process regarding this lawsuit may be made on its' registered agent of process:

Corporation Service Company dba CSC-Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701-3218

### III. JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This court has jurisdiction over the parties because Plaintiff is a Texas resident.

7.      Venue in Dallas County is proper in this cause under § 15.002(a)(1), Tex. Civ. Prac. & Rem. Code, because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

8.      On January 5, 2019, Dorma Gipson was walking through the west side entrance into the Kroger Grocery Store #588 at 9140 Forest Lane, when the sliding entrance door malfunctioned and slammed into her body, causing her injury and immediate pain. The Defendant owns the Kroger grocery store #588 at 9140 Forest Lane, Dallas, Texas.  As a result of the door slamming into her body, she fell to the floor. Ms. Gipson suffered injuries to her right shoulder, right forearm and wrist. Defendant KROGER, and their agents, servants, and employees knew or in the exercise of ordinary care, should have known the dangerous condition with the entrance doors existed. This incident caused severe injuries to Plaintiff.  Defendant owed Plaintiff the duties to exercise ordinary care and to protect and safeguard Plaintiff and others from unreasonably dangerous and unsafe conditions.

## V. PREMISE CLAIM

9.      Plaintiff was a business invitee and was entering onto Defendant's premises in response to Defendant's invitation and for their mutual benefit. A condition on Defendant's premises posed an unreasonable risk.  Defendant knew or reasonably should have known of the dangerous condition of the malfunctioning of the entrance doors. Defendant knew or should have known to keep the doors properly functioning so that they would not create a dangerous condition for its business invitees, i.e., slamming into customers such as the Plaintiff.  Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff.  Defendant allowed or created the area to become dangerous and permitted such danger to exist.  Plaintiff further alleges that the condition in the area had continued for such a time that it would have been remedied if Defendant had exercised ordinary care in the maintenance and repair of the entrance doors. This duty includes the duty to inspect and the duty to warn or to cure.  Defendant's breach of duty, both individually and severally, proximately caused injury to Plaintiff, which resulted in injury to her body, particularly the right shoulder, right forearm, and wrist. As a result, Plaintiff has incurred medical bills and endured pain and suffering, for which she seeks damages within the jurisdictional limits of this Court.

## VI. NEGLIGENCE

10.     In the alternative, Plaintiff's injuries were the result of Defendant's ongoing negligence on the premises at the location of the injury, not a condition of the premises. Defendant's negligence includes that it allowed a dangerous condition (malfunctioning door) to occur and exist, by failing to use ordinary care in maintaining or repairing the entrance doors in the store entryway.  Defendant owed a legal duty to Plaintiff.  Defendant breached the duty to Plaintiff by:

a.     Failing to maintain or repair the doors to the entry premises to a safe condition by inspecting the door for any dangerous conditions and repairing it; and

b.     Failing to make safe any latent defect or give warning of any defect.

Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in injury to her body generally, as described herein. As a result, Plaintiff has incurred medical bills and endured pain and suffering, for which she seeks damages within the jurisdictional limits of this Court.

## VII. *RESPONDEAT SUPERIOR*

11.     Defendant KROGER and its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward Plaintiff by:

a.     Maintaining an unreasonably dangerous condition;

b.     Failing to maintain reasonably safe premises;

c.     Failing to inspect the premises in order to discover the dangerous condition of the entry door on Defendants' premises;

d.     Failing to correct the dangerous condition which was created; and

e.     Failing to adequately warn invitees, including Plaintiff, that a dangerous condition existed.

## VIII.

12.     Plaintiff alleges that each and every, all and singular, of the aforementioned acts and/or omissions on the part of the Defendant and its agents, servants, and employees constitute negligence which was and is the direct and proximate cause of the injuries sustained by Plaintiff hereinafter set out.

## IX. DAMAGES

13.     Plaintiff would show that, as a direct result of the negligence of Defendant and its agents, employees, and servants, Plaintiff was caused to suffer serious personal injuries to her body generally.  As a direct and proximate result of the fall and the aforesaid negligence of Defendant, Plaintiff has incurred the following damages:

a.     Reasonable and necessary medical expenses in the past;

b.     Physical pain suffered in the past; and

c.     Physical pain which, in all reasonable probability, will be suffered in the future.

## X. REQUEST FOR DISCLOSURE

14.     Under the Tex. R. Civ. P. 194, Defendant KROGERS is requested to disclose within fifty (50) days of service of this request, the information or material described in Tex. R. Civ. P. 194.2(a) through (l).

## XI. JURY DEMAND

15.     Plaintiff hereby demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff DORMA GIPSON requests that Defendant KROGER be served with citation and, upon final trial of this case, the Court grant Plaintiff judgement against Defendant for the following:

a.     Actual damages against Defendant for a sum within the jurisdictional limits of this Court;

b.     Pre- and post-judgement interest at the maximum rate allowed at law;

c.     Court costs; and

d.     Such other and further relief to which Plaintiff may show herself justly entitled, at law or in equity.

Respectfully submitted,

*/s/ Annette Cato-Miller*

ANNETTE CATO-MILLER
State Bar No. 04011525
Law Offices of Cato-Miller,
Darensburg & Associates
11882 Greenville Avenue, Suite B101
Dallas, TX  75243
(972) 270-1896
(972) 681-9334 Telecopier
cmiller_law@yahoo.com
litigation@cmdlawyers.net

**ATTORNEY FOR PLAINTIFF
DORMA GIPSON**

# EXHIBIT 3

**Exhibit 3**

FILED
1/5/2021 5:32 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Carmen Moorer DEPUTY

Case 3:21-cv-00186-E   Document 1-2   Filed 01/28/21   Page 13 of 25   PageID 19

Cause No. DC-20-19299

| | | |
|---|---|---|
| DORMA GIPSON | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| THE KROGERS CO. AKA | | |
| KROGER TEXAS L.P. | § | |
|     Defendant | § | 134TH JUDICIAL DISTRICT |

## FIRST AMENDED PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Comes now DORMA GIPSON, hereinafter referred to as "Plaintiff," and makes and files this Original Petition and Request for Disclosure, complaining of and about, THE KROGER CO. AKA KROGER TEXAS L.P. hereinafter referred to as "Defendant or Kroger," and for cause of action shows unto the Court the following:

### I.

1.      Pursuant to Rule 190.3, Tex. R. Civ. P., discovery shall be conducted under Level

2.  The parties expect to submit an agreed docket control order for the orderly disposition of this litigation.

### II.

3.      Plaintiff is a resident of Dallas County, Texas.

4.      Defendant THE KROGER CO. AKA KROGER TEXAS L.P., is a foreign for-profit corporation doing business in the State of Texas including Dallas County. Service of process regarding this lawsuit may be made on its' registered agent of process:

Corporation Service Company dba CSC-Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701-3218

### III. JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This court has jurisdiction over the parties because Plaintiff is a Texas resident.

7.      Venue in Dallas County is proper in this cause under § 15.002(a)(1), Tex. Civ. Prac. & Rem. Code, because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

8.      On January 5, 2019, Dorma Gipson was walking through the west side entrance into the Kroger Grocery Store #588 at 9140 Forest Lane, when the sliding entrance door malfunctioned and slammed into her body, causing her injury and immediate pain. The Defendant owns the Kroger grocery store #588 at 9140 Forest Lane, Dallas, Texas. As a result of the door slamming into her body, she fell to the floor. Ms. Gipson suffered injuries to her right shoulder, right forearm and wrist. Defendant KROGER, and their agents, servants, and employees knew or in the exercise of ordinary care, should have known the dangerous condition with the entrance doors existed. This incident caused severe injuries to Plaintiff. Defendant owed Plaintiff the duties to exercise ordinary care and to protect and safeguard Plaintiff and others from unreasonably dangerous and unsafe conditions.


## V. PREMISE CLAIM

9.      Plaintiff was a business invitee and was entering onto Defendant's premises in response to Defendant's invitation and for their mutual benefit. A condition on Defendant's premises posed an unreasonable risk. Defendant knew or reasonably should have known of the dangerous condition of the malfunctioning of the entrance doors. Defendant knew or should have known to keep the doors properly functioning so that they would not create a dangerous condition for its business invitees, i.e., slamming into customers such as the Plaintiff. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. Defendant allowed or created the area to become dangerous and permitted such danger to exist. Plaintiff further alleges that the condition in the area had continued for such a time that it would have been remedied if Defendant had exercised ordinary care in the maintenance and repair of the entrance doors. This duty includes the duty to inspect and the duty to warn or to cure. Defendant's breach of duty, both individually and severally, proximately caused injury to Plaintiff, which resulted in injury to her body, particularly the right shoulder, right forearm, and wrist. As a result, Plaintiff has incurred medical bills and endured pain and suffering, for which she seeks damages within the jurisdictional limits of this Court.

## VI. NEGLIGENCE

10.     In the alternative, Plaintiff's injuries were the result of Defendant's ongoing negligence on the premises at the location of the injury, not a condition of the premises. Defendant's negligence includes that it allowed a dangerous condition (malfunctioning door) to occur and exist, by failing to use ordinary care in maintaining or repairing the entrance doors in the store entryway.  Defendant owed a legal duty to Plaintiff.  Defendant breached the duty to Plaintiff by:

    a.     Failing to maintain or repair the doors to the entry premises to a safe condition by inspecting the door for any dangerous conditions and repairing it; and

    b.     Failing to make safe any latent defect or give warning of any defect.

Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in injury to her body generally, as described herein. As a result, Plaintiff has incurred medical bills and endured pain and suffering, for which she seeks damages within the jurisdictional limits of this Court.

## VII. *RESPONDEAT SUPERIOR*

11.     Defendant KROGER and its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward Plaintiff by:

    a.     Maintaining an unreasonably dangerous condition;

    b.     Failing to maintain reasonably safe premises;

    c.     Failing to inspect the premises in order to discover the dangerous condition of the entry door on Defendants' premises;

    d.     Failing to correct the dangerous condition which was created; and

    e.     Failing to adequately warn invitees, including Plaintiff, that a dangerous condition existed.

## VIII.

12.     Plaintiff alleges that each and every, all and singular, of the aforementioned acts and/or omissions on the part of the Defendant and its agents, servants, and employees constitute negligence which was and is the direct and proximate cause of the injuries sustained by Plaintiff hereinafter set out.

## IX. DAMAGES

13.     Plaintiff would show that, as a direct result of the negligence of Defendant and its agents, employees, and servants, Plaintiff was caused to suffer serious personal injuries to her body generally.  As a direct and proximate result of the fall and the aforesaid negligence of Defendant, Plaintiff has incurred the following damages:

   a.     Reasonable and necessary medical expenses in the past;

   b.     Physical pain suffered in the past; and

   c.     Physical pain which, in all reasonable probability, will be suffered in the future.

## X. REQUEST FOR DISCLOSURE

14.     Under the Tex. R. Civ. P. 194, Defendant KROGERS is requested to disclose within fifty (50) days of service of this request, the information or material described in Tex. R. Civ. P. 194.2(a) through (l).

## XI. JURY DEMAND

15.     Plaintiff hereby demands a jury trial.

   WHEREFORE, PREMISES CONSIDERED, Plaintiff DORMA GIPSON requests that Defendant KROGER be served with citation and, upon final trial of this case, the Court grant Plaintiff judgement against Defendant for the following:

   a.     Actual damages against Defendant for $500,000.00, a sum within the jurisdictional limits of this Court;

   b.     Pre- and post-judgement interest at the maximum rate allowed at law;

   c.     Court costs; and

   d.     Such other and further relief to which Plaintiff may show herself justly entitled, at law or in equity.

                              Respectfully submitted,

                              */s/ Annette Cato-Miller*

ANNETTE CATO-MILLER
State Bar No. 04011525
Law Offices of Cato-Miller,
Darensburg & Associates
11882 Greenville Avenue, Suite B101
Dallas, TX  75243
(972) 270-1896
(972) 681-9334 Telecopier
cmiller_law@yahoo.com
litigation@cmdlawyers.net

**ATTORNEY FOR PLAINTIFF
DORMA GIPSON**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Darlene Darensburg on behalf of Annette Cato-Miller
Bar No. 04011525
darlenedarensburg@yahoo.com
Envelope ID: 49426043
Status as of 1/6/2021 1:04 PM CST

Associated Case Party: DORMA GIPSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Krystal Armstead | | litigation@cmdlawyers.net | 1/5/2021 5:32:26 PM | SENT |
| Annette Cato-Miller | | litigation@cmdlawyers.net | 1/5/2021 5:32:26 PM | SENT |

# EXHIBIT 4

**Exhibit 4**

FILED
1/28/2021 11:11 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Eduardo Suarez DEPUTY

Case 3:21-cv-00186-E   Document 1-2   Filed 01/28/21   Page 20 of 25   PageID 26

CAUSE NO. DC-20-19299

| | | |
|---|---|---|
| DORMA GIPSON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE KROGERS CO. AKA | § | |
| KROGER TEXAS L.P. | § | |
| Defendant | § | 134th JUDICIAL DISTRICT |

## DEFENDANT THE KROGERS CO. AKA KROGER TEXAS L.P.'S ORIGINAL ANSWER

Defendant Kroger Texas L.P. (erroneously identified as "The Krogers Co. aka Kroger Texas, L.P.") files its Original Answer, respectfully showing the Court as follows:

### I.
### VERIFIED DENIAL

By way of verified denial pursuant to Texas Rule of Civil Procedure 94, Defendant denies that Plaintiff is entitled to recover from Defendant in the capacity in which it has been sued. Specifically, Defendant denies "The Krogers Co. aka Kroger Texas, L.P." owned or operated the store at issue on the date of this incident. Consequently, Plaintiff has no right or potential right of recovery against Defendant because the proper party has not been sued. *See, e.g., Bailey v. Vanscot Concrete Co.,* 894 S.W.2d 757, 759 (Tex. 1995).

### II.
### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, demands strict proof thereof and, to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

### III.
### DEFENSES

1.      Defendant had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

2.      Pleading in the alternative, Defendant provided adequate warning of the condition at issue.

3.      The alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

4.      Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's injuries and damages, if any.  Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

5.      In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

6.      Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

7.      In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

8.      To the extent the damages about which Plaintiff complains, if any, were the result of prior or pre-existing or subsequent injuries, accidents or conditions, said prior or pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

9.      Plaintiff may have breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

10.     To the extent that Plaintiff is malingering and/or exaggerating the nature and severity of her injuries in order to continue treatment, said treatment is not medically necessary or reasonable.

11.     Any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code §41.0105.

12.     Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of such alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

**IV.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Kroger Texas L.P. (erroneously identified as "The Krogers Co. aka Kroger Texas, L.P.") respectfully prays that Plaintiff take nothing by this cause of action and that Defendant be permitted to recover the costs expended on its behalf.  Defendant also prays for all other and further relief, both general and special, at law and in equity, to which it shows itself to be justly entitled.

Respectfully submitted,

*/s/ Jack Ormond*
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Jack Ormond**
State Bar No. 24037217
jormond@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that this document was served on counsel of record in accordance with the Texas Rules of Civil Procedure on January 28, 2020 via e-serve.

*/s/ Jack Ormond*
Jack Ormond

**STATE OF TEXAS**                   §
                                     §
**COUNTY OF TARRANT**                §

 Before me, the undersigned authority, did personally appear Jack Ormond, who, upon his oath, deposes and says that he is one of the attorneys of record for Defendant, that he has never been convicted of a disqualifying crime, and that he is over the age of 18 and competent to make this verification.  Accordingly, Jack Ormond verifies that the facts alleged in paragraph I. Verified Denial of the foregoing pleading are within his personal knowledge and are true and correct.

_____
Jack Ormond


 Subscribed and sworn to before me on this 28 day of January 2021.

_____
NOTARY PUBLIC in and for the State of Texas

ELIZABETH CONTRERAS
Notary Public, State of Texas
Comm. Expires 02-06-2024
Notary ID 129335398

---

**DEFENDANT'S ORIGINAL ANSWER**                                                    Page 5

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jack Ormond on behalf of Jack Ormond
Bar No. 24037217
jormond@peavlerbriscoe.com
Envelope ID: 50122021
Status as of 1/28/2021 11:23 AM CST

Associated Case Party: DORMA GIPSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Annette Cato-Miller | | litigation@cmdlawyers.net | 1/28/2021 11:11:58 AM | SENT |
| Krystal Armstead | | litigation@cmdlawyers.net | 1/28/2021 11:11:58 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Francine Ly | | fly@dallascourts.org | 1/28/2021 11:11:58 AM | SENT |
| Jack Ormond | | jormond@peavlerbriscoe.com | 1/28/2021 11:11:58 AM | SENT |
| Mark Forester | | mforester@peavlerbriscoe.com | 1/28/2021 11:11:58 AM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 1/28/2021 11:11:58 AM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 1/28/2021 11:11:58 AM | SENT |