IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DORMA GIPSON** | § | |
| Plaintiff | § | |
| v. | § | No. 3:21-cv-00186-E |
| | § | |
| **KROGER TEXAS L.P.** | § | |
| Defendant | § | |

## Plaintiff's First Amended Complaint

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Comes now DORMA GIPSON, hereinafter referred to as "Plaintiff," and makes and files this Original Petition and Request for Disclosure, complaining of and about, KROGER TEXAS L.P. hereinafter referred to as "Defendant or Kroger," and for cause of action shows unto the Court the following:

### I.

1. Pursuant to Rule 190.3, Tex. R. Civ. P., discovery shall be conducted under Level 2. The parties expect to submit an agreed docket control order for the orderly disposition of this litigation.

### II.

3. Plaintiff is a resident of Dallas County, Texas.

4. Defendant KROGER TEXAS L.P., is a foreign for-profit corporation doing business in the State of Texas including Dallas County. Service of process regarding this lawsuit may be made on its' registered agent of process:

> Corporation Service Company dba CSC-Lawyers Incorporating Service Company
> 211 E. 7th Street, Suite 620
> Austin, Texas 78701-3218

### III. JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. This court has jurisdiction over the parties because Plaintiff is a Texas resident.

7. Venue in Dallas County is proper in this cause under § 15.002(a)(1), Tex. Civ. Prac. & Rem. Code, because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

8. On January 5, 2019, Dorma Gipson was walking through the west side entrance into the Kroger Grocery Store #588 at 9140 Forest Lane, when the sliding entrance door malfunctioned and slammed into her body, causing her injury and immediate pain. The Defendant owns the Kroger grocery store #588 at 9140 Forest Lane, Dallas, Texas. As a result of the door slamming into her body, she fell to the floor. Ms. Gipson suffered injuries to her right shoulder, right forearm and wrist. Defendant KROGER, and their agents, servants, and employees knew or in the exercise of ordinary care, should have known the dangerous condition with the entrance doors existed. This incident caused severe injuries to Plaintiff. Defendant owed Plaintiff the duties to exercise ordinary care and to protect and safeguard Plaintiff and others from unreasonably dangerous and unsafe conditions.

## V. PREMISE CLAIM

9. Plaintiff was a business invitee and was entering onto Defendant's premises in response to Defendant's invitation and for their mutual benefit. A condition on Defendant's premises posed an unreasonable risk. Defendant knew or reasonably should have known of the dangerous condition of the malfunctioning of the entrance doors. Defendant knew or should have known to keep the doors properly functioning so that they would not create a dangerous condition for its business invitees, i.e., slamming into customers such as the Plaintiff. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. Defendant allowed or created the area to become dangerous and permitted such danger to exist. Plaintiff further alleges that the condition in the area had continued for such a time that it would have been remedied if Defendant had exercised ordinary care in the maintenance and repair of the entrance doors. This duty includes the duty to inspect and the duty to warn or to cure. Defendant's breach of duty, both individually and severally, proximately caused injury to Plaintiff, which resulted in injury to her body, particularly the right shoulder, right forearm, and wrist. As a result, Plaintiff

has incurred medical bills and endured pain and suffering, for which she seeks damages within the jurisdictional limits of this Court.

## VI. NEGLIGENCE

10. In the alternative, Plaintiff's injuries were the result of Defendant's ongoing negligence on the premises at the location of the injury, not a condition of the premises. Defendant's negligence includes that it allowed a dangerous condition (malfunctioning door) to occur and exist, by failing to use ordinary care in maintaining or repairing the entrance doors in the store entryway. Defendant owed a legal duty to Plaintiff. Defendant breached the duty to Plaintiff by:

   a. Failing to maintain or repair the doors to the entry premises to a safe condition by inspecting the door for any dangerous conditions and repairing it; and
   b. Failing to make safe any latent defect or give warning of any defect.

Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in injury to her body generally, as described herein. As a result, Plaintiff has incurred medical bills and endured pain and suffering, for which she seeks damages within the jurisdictional limits of this Court.

## VII. *RESPONDEAT SUPERIOR*

11. Defendant KROGER and its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward Plaintiff by:

   a. Maintaining an unreasonably dangerous condition;

   b. Failing to maintain reasonably safe premises;

   c. Failing to inspect the premises in order to discover the dangerous condition of the entry door on Defendants' premises;

   d. Failing to correct the dangerous condition which was created; and

   e. Failing to adequately warn invitees, including Plaintiff, that a dangerous condition existed.

## VIII.

12. Plaintiff alleges that each and every, all and singular, of the aforementioned acts and/or omissions on the part of the Defendant and its agents, servants, and employees constitute

negligence which was and is the direct and proximate cause of the injuries sustained by Plaintiff hereinafter set out.

## IX. DAMAGES

13. Plaintiff would show that, as a direct result of the negligence of Defendant and its agents, employees, and servants, Plaintiff was caused to suffer serious personal injuries to her body generally. As a direct and proximate result of the fall and the aforesaid negligence of Defendant, Plaintiff has incurred the following damages:

  a. Reasonable and necessary medical expenses in the past;

  b. Physical pain suffered in the past; and

  c. Physical pain which, in all reasonable probability, will be suffered in the future.

## X. REQUEST FOR DISCLOSURE

14. Under the Tex. R. Civ. P. 194, Defendant KROGER is requested to disclose within fifty (50) days of service of this request, the information or material described in Tex. R. Civ. P. 194.2(a) through (l).

## XI. JURY DEMAND

15. Plaintiff hereby demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff DORMA GIPSON requests that Defendant KROGER be served with citation and, upon final trial of this case, the Court grant Plaintiff judgement against Defendant for the following:

  a. Actual damages against Defendant for $500,000.00, a sum within the jurisdictional limits of this Court;

  b. Pre- and post-judgement interest at the maximum rate allowed at law;

  c. Court costs; and

  d. Such other and further relief to which Plaintiff may show herself justly entitled, at law or in equity.

Respectfully submitted,

*s/ Annette Cato-Miller*
Annette Cato-Miller
Law Offices of Cato-Miller,
Darensburg & Associates
11882 Greenville Avenue, Suite B101
Dallas, Texas 76243
Office: 972.270.1896
Facsimile: 972.681.9334
Texas Bar No. 04011525

## Certificate of Service

I hereby certify that on Feb 5, 2021, I electronically filed the foregoing document using the Court's CM/ECF System, thereby providing service on all counsel of record.

/s/ *Annette Cato-Miller*
Annette Cato-Miller