IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DORMA GIPSON** § | |
| Plaintiff § | |
| § | |
| v. § | No. 3:21-cv-00186-E |
| § | |
| **KROGER TEXAS L.P.** § | |
| Defendant § | |

### Plaintiff's Second Amended Complaint

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Comes now DORMA GIPSON, hereinafter referred to as "Plaintiff," and makes and files this Second Amended Complaint, complaining of and about, KROGER TEXAS L.P. hereinafter referred to as "Defendant or Kroger," and for cause of action would show the Court as follows:

I.

JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties pursuant to 28 US.C. § 1332(a).

2. Plaintiff is a citizen of the state of Texas and resident of Dallas County, Texas, which is within the United States Northern District of Texas.

3. Defendant KROGER TEXAS L.P. is a foreign for-profit corporation doing business in the State of Texas including Dallas County, within the Northern District of Texas. Service of process regarding this lawsuit may be made on its registered agent of process:

Corporation Service Company dba CSC-Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701-3218

4. The amount in controversy is more than $75,000.00 not including interest and costs of court.

5. This court has jurisdiction over the parties because Plaintiff is a Texas resident.

6. Venue is proper in this court because the causes of action occurred within the Northern District of Texas.

II.

FACTUAL BACKGROUND

7. On January 5, 2019, Dorma Gipson was walking through the west side entrance of the Kroger Grocery Store #588 at 9140 Forest Lane. As she was walking through the entrance doors, the doors malfunctioned and slammed closed into her body. The weight and force of the closing doors caused Ms. Gipson injury and immediate and severe pain. As a result of the door slamming closed into her body, Ms. Gipson fell to the floor. She suffered injuries to her right shoulder, right forearm and wrist.

8. The Defendant owns the Kroger grocery store #588 at 9140 Forest Lane, Dallas, Texas. Defendant KROGER, and their agents, servants, and employees knew, or in the exercise of ordinary care should have known, the dangerous condition with the entrance doors existed. Defendant owed Plaintiff the duties to exercise ordinary care and to protect and safeguard Plaintiff and others from unreasonably dangerous and unsafe conditions.

For these reasons, the Plaintiff demands judgment against the Defendant for an amount in excess of $75,000.00, together with interest and costs, and demands trial by jury of all issues.

III.

FIRST CLAIM

<u>PREMISE CLAIM</u>

9. Plaintiff was a business invitee and was entering onto Defendant's premises in response to Defendant's invitation and for their mutual benefit. A condition on Defendant's premises posed an unreasonable risk. Defendant knew, or reasonably should have known, of the dangerous condition of the malfunctioning entrance doors. Defendant knew or should have known to keep the doors properly functioning so that they would not create a dangerous condition for its business invitees, that is, slamming into customers such as the Plaintiff. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. 10.

Defendant allowed or created a dangerous area and permitted such danger to exist. Plaintiff further alleges that the condition in the area had continued for such a time that it would have been remedied if Defendant had exercised ordinary care in the maintenance and repair of the entrance doors. This duty includes the duty to inspect and the duty to warn or to cure. Defendant's breach of duty, both individually and severally, proximately caused injury to Plaintiff, which resulted in injury to her body, particularly the right shoulder, right forearm, and wrist. As a result, Plaintiff has incurred medical bills and endured pain and suffering, for which she seeks damages within the jurisdictional limits of this Court.

For these reasons, the Plaintiff demands judgment against the Defendant for an amount in excess of $75,000.00, together with interest and costs, and demands trial by jury.

IV.

SECOND CLAIM

NEGLIGENCE

11. In the alternative, Plaintiff's injuries were the result of Defendant's ongoing negligence on the premises at the location of the injury, not a condition of the premises. Defendant's negligence includes that it allowed a dangerous condition – malfunctioning entrance doors to occur and exist – by failing to use ordinary care in maintaining or repairing the entrance doors. Defendant owed a legal duty to Plaintiff. Defendant breached the duty to Plaintiff by:

    a. Failing to maintain safe entry doors and by failing to inspect the doors for any dangerous conditions and repairing them; and

    b. Failing to make safe any latent defects or give warning of any defects.

12. Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in injury to her body generally, as described herein. As a result, Plaintiff has incurred medical bills and endured pain and suffering, for which she seeks damages within the jurisdictional limits of this Court.

V.

RESPONDEAT SUPERIOR

13. Defendant KROGER and its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward Plaintiff by:

    a. Maintaining an unreasonably dangerous condition;

    b. Failing to maintain reasonably safe premises;

    c. Failing to inspect the premises in order to discover the dangerous condition of the entry door on Defendants' premises;

    d. Failing to correct the dangerous condition which was created; and

    e. Failing to adequately warn invitees, including Plaintiff, that a dangerous condition existed.

For these reasons, the Plaintiff demands judgment against the Defendant for an amount in excess of $75,000.00, together with interest and costs, and demands trial by jury.

14. Plaintiff alleges that each and every, all and singular, of the aforementioned acts and/or omissions on the part of the Defendant and its agents, servants, and employees constitute negligence which was and is the direct and proximate cause of the injuries sustained by Plaintiff as set forth herein.

## VII.
## DAMAGES

15. Plaintiff would show that, as a direct result of the negligence of Defendant and its agents, employees, and servants, Plaintiff was caused to suffer serious personal injuries to her body generally. As a direct and proximate result of the fall and the aforesaid negligence of Defendant, Plaintiff has incurred the following damages:

   a. Reasonable and necessary past medical expenses;

   b. Physical pain suffered in the past; and

   c. Physical pain which, in all reasonable probability, will be suffered in the future.

## VIII.
## JURY DEMAND

16. Plaintiff hereby demands a jury trial, pursuant to Rule 38 of the Fed. R. Civ. P.

WHEREFORE, PREMISES CONSIDERED, Plaintiff DORMA GIPSON requests that Defendant KROGER TEXAS L.P. be served with citation and, upon final trial of this case, the Court grant Plaintiff judgement against Defendant as follows:

   a. For actual and compensatory damages against Defendant for $500,000.00, a sum within the jurisdictional limits of this Court;

  b.  Pre- and post-judgement interest as allowed by law; and

  d.  For such other and further relief at law or in equity, to which Plaintiff may show herself justly entitled.

                Respectfully submitted,

                *s/ Annette Cato-Miller*
                Annette Cato-Miller
                Law Offices of Cato-Miller,
                Darensburg & Associates
                litigation@cmdlawyers.net
                Texas Bar No. 04011525
                11882 Greenville Avenue, Suite B101
                Dallas, Texas 76243
                Office:  972.270.1896
                Facsimile:  972.681.9334

**Certificate of Service**

  I hereby certify that on February 17, 2021, I electronically filed the foregoing document using the Court's CM/ECF System, thereby providing service on all counsel of record.

                */s/ Annette Cato-Miller*
                Annette Cato-Miller